IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN WILLIAM WILD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-24-10-GLJ |
| v. ) | |
| ) | |
| FRANK J. BISIGNANO, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Claimant appealed the decision of the Commissioner of the Social Security Administration denying his request for benefits. The Court entered an Opinion and Order remanding this case for further administrative action on March 12, 2025. Docket Nos. 20-21. On remand, the Administrative Law Judge ("ALJ") found that Claimant was disabled and awarded him past-due benefits. This matter now comes before the Court on Claimant's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Docket No. 26]. For the reasons set forth below, the Court finds that Claimant's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 26] should be granted and that Claimant's attorney should be awarded $22,183.20 in attorney's fees.

The Court must initially determine if the motion at issue is timely. Section 406(b) does not address when a motion for attorneys' fees should be filed, so the Tenth Circuit has instructed that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d

493, 505 (10th Cir. 2006). Thus, a Section 406(b) motion for attorneys' fees must be filed within a reasonable time of receipt of the Notice of Award. *See generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). In this district, "a reasonable time" means within thirty days of issuance of the Notice of Award unless there is good reason for a lengthier delay. *See, e. g., Harbert v. Astrue*, 2010 WL 3238958 at *1 n.4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). The motion for attorneys' fees in this case was filed on January 15, 2026, eighty-three days after the Notice of Award was issued on November 3, 2025. See Docket No. 26-2. Claimant's counsel indicates that she received the Notice of Award for the first time on January 14, 2026, and promptly filed the motion for fees a day later. Docket No. 26, at p. 3. Counsel indicates the agency representative failed to forward the notice of award to Counsel in a timely manner and, upon receiving the Notice of Award, Counsel contacted the agency representative regarding said failure. Docket No. 26, at p. 2. But Counsel does not detail any efforts on her part to ensure the Notice of Award was discovered timely. *See* Docket No. 26, at pp. 2-3. Thus, the Court is not entirely satisfied with Counsel's assertion that this motion is timely as it appears Claimant's attorney could have taken more steps to uncover the Notice of Award, particularly between November 2025 and January 2026. But, as there is no timeliness objection by the Commissioner and Counsel promptly took action upon

receiving the Notice of Award, the Court finds that the motion for attorney fees under Section 406(b) is timely.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The amount requested in this case is $22,183.20, approximately 18.7% of Plaintiff's past-due benefits[1] in accordance with the applicable attorney fee agreement. *See Harbert v. Astrue*, 2010 WL 3238958 at *1, n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). *See also McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006)

---

[1] The Notice of Award indicates Claimant is owed $118,603 in past-due benefits and 25% of Claimant's past-due benefits (*i.e.*, $29,650.75) was withheld to pay Claimant's representative(s). Docket No. 26-2, at p. 4.

("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]").

The Court therefore need only determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[,]" and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808 (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work)); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (courts should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not

as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") (citing *Rodriguez*, 865 F.2d at 741).

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $22,183.20 in attorney's fees is reasonable for the work done in this case. First, the attorney ably represented Plaintiff in his appeal to this Court and obtained excellent results on his behalf, *i.e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. Claimant's success on appeal enabled him not only to prevail in his quest for social security benefits, but also to obtain $6,041.10 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 25. This amount received will essentially reduce any amount awarded from his past-due benefits pursuant to Section 406(b). Second, there is no evidence that Claimant's attorney caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to Claimant's attorney and paralegals, who spent a total of 25.8 hours, combined, on this appeal. *See* Docket No. 26, Ex. 4. This would equate to a rate of $859.81, at most, per hour, which is not excessive given that the fee was contingent, and the risk of loss was not negligible. The Court therefore finds that the requested fee of $22,183.20 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner retains only $20,450.75 from Claimant's past-due benefits for payment of attorneys' fees, after sending $9.200.00 to the agency representative. *See* Docket No. 26, at p. 2. As such, the Commissioner may not

have sufficient funds on hand to satisfy the $22,183.20 awarded herein. Claimant's attorney will have to recover the difference from Claimant himself, not his past-due benefits. *See Wrenn*, 525 F.3d at 933. ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to claimant, not the past due benefits, to recover the difference."). Further, because the $22,183.20 awarded herein pursuant to Section 406(b)(1) exceeds the $6,041.10 previously received by Claimant as part of the EAJA fee award, Claimant's attorney must refund the latter amount to Claimant. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986). Counsel **may not**, as Claimant's brief seems to imply, treat the EAJA award as a credit against Claimant's account or otherwise "net out" the EAJA award against their Section 406(b) award. *See Mcgraw*, 450 F.3d at 497, n.2; *see also Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant *the amount of the smaller fee.*'") (emphasis added).

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 26] is hereby GRANTED. The Court approves an award of attorney fees in the amount of $22,183.20 to Claimant's attorney pursuant to 42 U.S.C. 406(b)(1) and directs the Commissioner to pay to Claimant's attorney the balance of any past-due benefits in his possession up to said amount.

**IT IS SO ORDERED** this 23rd day of January, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**